IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                                                        PLAINTIFF

V.                                        Criminal No. 5:19-CR-50058

JAMES BLAIR                                                                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court for consideration is Petitioner James Blair's ("**Mr. Blair**") *pro se* Motion for Compassionate Release. (ECF No. 58). The Government was directed to respond and a response with objection was filed on June 7, 2023. (ECF No. 65). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a report and recommendation. For the reasons explained below, the Court recommends the Motion be **DENIED** as Mr. Blair has not demonstrated entitlement to compassionate release.

I.     BACKGROUND

Mr. Blair was named in three counts of a five-count Indictment filed on June 26, 2019, in the Western District of Arkansas, Fayetteville Division. (ECF No. 1). Count One charged Mr. Blair and his co-conspirator with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*Id.*) Count Four charged Mr. Blair with knowingly and intentionally possessing, with intent to distribute, a controlled substance, namely, a mixture or substance that contained methamphetamine (aiding and abetting), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (*Id.*) Count Five charged Mr. Blair with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*)

On September 9, 2019, Mr. Blair appeared before the Honorable Timothy L. Brooks and plead guilty to Count One, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to Count Five, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 32 ¶ 1).

Prior to sentencing, the Probation Office issued a Final Presentence Investigation Report ("PSR"). (ECF No. 44). After being held accountable for the firearm found in his vehicle and 182.2 grams of actual methamphetamine, Mr. Blair's base offense level was calculated at 32 for purposes of the sentencing guidelines' analysis. (ECF No. 44 ¶¶ 32, 38). Reducing the calculation for Mr. Blair's acceptance of responsibility, his total offense level was reduced from 32 to 29. (ECF No. 44 ¶¶ 44-46). Mr. Blair's criminal history category was calculated as Category I. (ECF No. 44 ¶ 89). A conviction on Count Five mandated a five-year sentence, to be served consecutive to any additional sentence, pursuant to 18 U.S.C. § 924(c)(1)(A). (ECF No. 44 ¶ 47). Accordingly, Mr. Blair faced a statutory maximum of 20 years imprisonment on Count One along with a statutory minimum of 5 years and a statutory maximum of life on Count Five. (ECF No. 44 ¶ 88). The advisory guideline range was 87-108 months imprisonment on Count One, to be followed by 60 months imprisonment on Count Five. Neither the United States nor Mr. Blair objected to the PSR. (ECF Nos. 43, 46).

On January 9, 2020, Judge Brooks sentenced Mr. Blair to 43 months imprisonment on Count One and 60 months on Count Five, with Count Five to run consecutive to Count One, for a total sentence of imprisonment of 103 months; 3 years of supervised release on each of Counts One and Five, to run concurrently; a $200 special assessment fee; and a $800 fine. (ECF No. 54 pp. 2, 3, 6).

On May 1, 2023, Mr. Blair filed a Motion seeking Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), to which the Court now turns its attention. (ECF No. 58).

## II. MR. BLAIR'S MOTION FOR COMPASSIONATE RELEASE

Mr. Blair alleges entitlement to compassionate release, saying that his medical conditions together with his status as his parents' primary caregiver, is sufficient to establish extraordinary and compelling reasons to justify his compassionate release. (ECF No. 58).

## III. UNITED STATES' RESPONSE

The United States provides materials for the Court's consideration in connection with the pleadings but disagrees that Mr. Blair is entitled to relief. The Government argues that the Motion should be denied because (1) Mr. Blair failed to establish extraordinary and compelling reasons, as required by law, in justification of the relief he seeks; and (2) the factors in 18 U.S.C. § 3553(a) weigh against the granting of any such relief. (ECF No. 65).

## IV. THE FIRST STEP ACT

Under the First Step Act, a court can modify a term of imprisonment when: (1) the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons ("BOP") to bring a Motion on the defendant's behalf, or a lapse of 30 days from receipt of such a request by the warden of the facility; and (2) there are extraordinary and compelling reasons that warrant such a reduction. 18 U.S.C. § 3582 (C)(1)(A). The court may modify an imposed term of imprisonment only to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582 (C)(B)(2).

A. **Exhaustion of Administrative Remedies or Lapse of 30 Days from Receipt of Request by the Facility Warden**

The First Step Act's exhaustion of all administrative remedies or 30-day lapse from receipt of request requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party raises it." *United States v. Houck*, 2 F. 4th 1082, 1084 (8th Cir. 2021). Therefore, when opposing parties properly raise the petitioner's failure to either exhaust all administrative remedies or wait 30 days before filing a Motion, courts dismiss compassionate release motions without prejudice. *Id.*

Here, Mr. Blair submitted a request for compassionate release to the Warden, and it was subsequently denied by the Warden on February 3, 2023. (ECF No. 58). Mr. Blair's Motion survives the first prong of the First Step Act as it appears to meet the exhaustion of administrative remedies requirement.

### B. Extraordinary and Compelling Reasons

Under the First Step Act, the Court must find the Petitioner's situation serious enough to constitute extraordinary and compelling reasoning for compassionate release. *United States v. Willis*, 2022 WL 1072890, at *1 (W.D. Ark. April 8, 2022). Historically, courts have found sufficient the following situations: (1) a defendant's medical condition such as a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which he is not expected to recover;" (2) the defendant is at least 65 years old or experiencing serious deterioration of mental or physical health due to age and has served at least 10 years or 75 percent of his term of imprisonment; or (3) the defendant's family circumstances include either (i) death or incapacitation of the caregiver of defendant's minor child or children or (ii) death or incapacitation of defendant's spouse or registered partner qualify as extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13, 18 U.S.C.A.

§ 3582 (C)(1)(A). As noted above, Mr. Blair says he qualifies for compassionate release based on his own medical condition and his family circumstances.

1. Medical Condition

Mr. Blair's argument for compassionate release relies upon his own medical conditions and the Court considers those conditions as well as the degree to which those conditions subject him to an increased risk of death or severe disease from illnesses such as COVID-19.

While the Court is persuaded that Mr. Blair suffers from serious medical conditions, including his recent triple bypass heart surgery, chronic kidney disease, Type II diabetes, and obesity, he has failed to demonstrate that these conditions have deteriorated to the point that he is unable to provide self-care within his correctional facility. (ECF No. 58). *See United States v. Wilson*, 2021 WL 2012304, at *2 (W.D. Ark. May 20, 2021) (concluding that petitioner suffered from medical conditions, but denied relief because his medical records indicated he was "receiv[ing] ongoing treatment for all of these issues.") Mr. Blair's medical records suggest that he has generally received proper treatment while in the custody of the BOP, and Mr. Blair does not suggest that he has on-going daily difficulties with self-care.

Although he contracted COVID-19, Mr. Blair was asymptomatic. (ECF No. 67-4 pp. 56-57, 203). According to his medical records, Mr. Blair exercised self-care in this respect, mitigating his risk of serious complications from COVID-19 by choosing to receive three doses of the Moderna vaccine. (ECF No. 67-5 pp. 103-104). Courts have agreed that the risk of COVID-19 infection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2-3 (W.D. Wash. June 29, 2020) ("[P]ossibility of infection is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley

5

from prison"). Furthermore, according to the Centers for Disease Control and Prevention ("CDC"), the suite of COVID-19 vaccines helps protect people from severe illness and reduce the likelihood of hospitalization and death.[1] The Court generally understands that vaccinations minimize Mr. Blair's risk of contracting the virus again, and, if he does, that his risk of serious illness is likely greatly reduced. In the Court's view, any risk to Mr. Blair posed by a potential COVID-19 infection is too speculative at this time to constitute an extraordinary and compelling reason for compassionate release.

2. Family Circumstances

Compassionate early release due to family circumstances is considered upon (1) the death or incapacitation of the caregiver of the defendant's minor child(ren) or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver of that spouse or partner. U.S.S.G. § 1B1.13, Application Note 1(C)(i)-(ii). Here, Mr. Blair's Motion focuses on his parents, not his spouse or partner. Mr. Blair's Motion details that he is the primary caregiver for his parents who are 85 years old and live alone. (ECF No. 58 p. 5). The Motion does not indicate whether Mr. Blair's parents live together, nor does it suggest that either of Mr. Blair's parents is the caregiver of Mr. Blair's minor children or spouse, or that either parent suffers from a condition that this Court properly could consider under U.S.S.G. § 1B1.13. Thus, these circumstances – while understandably of great concern to Mr. Blair – do not warrant early release per the Application Note; nevertheless, the Court has considered them as part of the overall totality of circumstances presented by Mr. Blair in support of his request.

C. Section 3553(a) Factors:

---

[1] *See* CDC, The Possibility of COVID-19 After Vaccination: Breakthrough Infections, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last accessed October 19, 2023).

Even if Mr. Blair were able to demonstrate extraordinary and compelling reasons for early release, the Court does not believe he is a suitable candidate after considering the factors set forth in Section 3553(a). These factors include "the nature of the circumstances of the offense and the history and characteristics of the defendants" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct [] … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(A)-(B), & (D). Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.

Mr. Blair was convicted of distribution of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 44. ¶¶ 1, 3). At sentencing, he was held responsible for 182.2 grams of actual methamphetamine and for possessing a firearm in furtherance of a drug trafficking offense. (ECF No. 44 ¶ 32). These are very serious charges, and at this point, Mr. Blair, age 63, has served only 3 years or approximately 35% of his original 103-month sentence of imprisonment, and approximately 60% of his original 5-year mandatory minimum sentence of imprisonment. (ECF No. 58). Although failure to serve the mandatory minimum term of imprisonment is not determinative of the issue, this Court previously weighed serving less than the mandatory minimum against compassionate release. *See United States v. Reed*, 2021 WL 794434, at *3 (W.D. Ark. March 2, 2021) (holding that Petitioner who served only 27 months of the mandatory 60-month sentence of imprisonment would create significant disparity amongst other similarly situated defendants.) In the Court's view, this amount of time is insufficient to reflect the seriousness of Mr. Blair's conviction, promote respect for the law, and

afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, the Court's interest in avoiding unwarranted sentencing disparities among similarly situated defendants weighs against a sentence reduction.

For these reasons, even had Mr. Blair demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence (which he has not), the Court finds consideration of the Section 3553(a) factors do not justify compassionate release.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Mr. Blair's Motion for Compassionate Release (ECF No. 58) be **DENIED** for the reasons stated herein.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of facts. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 6th day of November 2023.

*Christy Comstock*
_____
**CHRISTY COMSTOCK**
**UNITED STATES MAGISTRATE JUDGE**